JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*HANAN MUADDI, a minor; BEESAN MUADDI, a minor; EMAN MUADDI, a minor and NADIA SABBAH on her own behalf*

**DEFENDANTS**
*SPRINGFIELD SCHOOL DISTRICT; E.T. RICHARDSON SCHOOL; and DANIEL TRACY*

**(b)** County of Residence of First Listed Plaintiff *Delaware*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant *Delaware*
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
*Glen R. Morris, Esquire, Suite 650, Land Title Building, 100 South Broad Street, Philadelphia, Pennsylvania 19110 (215-893-1222)*

Attorneys *(If Known)*
*Mark A. Sereni, Esquire, Diorio and Sereni, 21 West Front Street, Post Office Box 1789, Media, Pennsylvania 19063 (610-565-5700)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
*42 U.S.C., Section 1983*
Brief description of cause:
*False charges, malicious utterances, failure to provide proper or adequate supervision*

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ *15,000 +*
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE *11/20/2019*
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ *330 Madison Road, Springfield, Pennsylvania 19064* _____

Address of Defendant: _____ *111 West Leamy Avenue, Springfield, Pennsylvania 19064* _____

Place of Accident, Incident or Transaction: _____ *20 West Woodland Avenue, Springfield, Pennsylvania 19064* _____

---

**RELATED CASE, IF ANY:**

Case Number: *Not Applicable*    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *11/20/2019*    Must sign here _____    *33047*
                      *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, *Glen R. Morris, Esquire* _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:    *NOV 26 2019*

- ☐ Relief other than monetary damages is sought.

DATE: *11/20/2019*    Sign here if applicable _____    *33047*
                      *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

NADIA SABBAH,
parent & guardian of HANAN MUADDI                     CIVIL ACTION
*minor*
v.

Springfield School District                           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

_____11/20/19_____     _____     Glen R. Morris, Esq.
Date                   Attorney-at-law      Attorney for  Plaintiffs

(215) 893-1222         (215) 220-3977       pennsylvanialawyer6@hotmail.com
Telephone              FAX Number           E-Mail Address

(Civ. 660) 10/02

NOV 26 2019



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**NADIA SABBAH,**
**parent and guardian of**                                CIVIL ACTION
**HANAN MUADDI, a minor**
**330 Madison Road**
**Springfield, PA 19064**

　　　and

**NADIA SABBAH,**                                         NO. 19 CV 5564
**parent and guardian of**
**BEESAN MUADDI, a minor**
**330 Madison Road**
**Springfield, PA 19064**                                 JURY TRIAL DEMANDED

　　　and

**NADIA SABBAH,**
**parent and guardian of**
**EMAN MUADDI, a minor**
**330 Madison Road**
**Springfield, PA 19064**

　　　and

**NADIA SABBAH,**
**in her own behalf**
**330 Madison Road**
**Springfield, PA 19064**

　　　vs.

**SPRINGFIELD SCHOOL DISTRICT**
**111 West Leamy Avenue**
**Springfield, PA 19064**

　　　and

**E.T. RICHARDSON MIDDLE SCHOOL**
**20 West Woodland Avenue**
**Springfield, PA 19064**
　　　and

NOV 26 2019

**DANIEL TRACY, PRINCIPAL**
**E.T. RICHARDSON MIDDLE SCHOOL**
**20 West Woodland Avenue**
**Springfield, PA 19064**

## COMPLAINT

Plaintiff Nadia Sabbah, who is the natural parent and legal guardian of minor

Plaintiffs Hanan Muaddi, Beesan Muaddi and Eman Muaddi, by and through her

undersigned counsel, hereby files the within Civil Action against the above-named

Defendants, and say:

1. This is a Civil Action seeking damages against the Defendants for committing acts,

under color of state law, which deprived the Plaintiffs of rights secured under the

Constitution and laws of the United States; for conspiring for the purpose of impeding

and hindering the due course of justice, with the intent to deny the Plaintiffs equal

protection of laws; and for violations and deprivations of due process; for police

brutality; for refusing or neglecting to prevent such deprivations and denials to the

Plaintiffs. The Court has jurisdiction of this action under 42 U.S.C., Section 1983 and 28

U.S.C., Section 1343.

2. The Court also has jurisdiction under 28 U.S.C., Section 1331.

3. Plaintiff Nadia Sabbah is a citizen and resident of the Township of Springfield,

County of Delaware, Commonwealth of Pennsylvania and the United States of America.

4. Plaintiff Hanan Muaddi, a minor, is a citizen and resident of the Township of

Springfield, County of Delaware, Commonwealth of Pennsylvania and the United States

of America.

5. Plaintiff Beesan Muaddi, a minor, is a citizen and resident of the Township of Springfield, County of Delaware, Commonwealth of Pennsylvania and the United States of America.

6. Plaintiff Eman Muaddi, a minor, is a citizen and resident of the Township of Springfield, County of Delaware, Commonwealth of Pennsylvania and the United States of America.

7. Defendant Springfield School District is a public school district which, at all material times and dates, was authorized to operate a public school district under the Pennsylvania School Code, Title 22, and the Commonwealth of Pennsylvania Department of Education as well as the County of Delaware and Township of Springfield.

8. Defendant E.T. Richardson Middle School was a public school operated by and under the Springfield School District, which is a public school district which, at all material times and dates, was authorized to operate a public school district under the Pennsylvania School Code, Title 22, and the Commonwealth of Pennsylvania Department of Education as well as the County of Delaware and Township of Springfield.

9. Defendant Dan Tracy was the principal of the E.T. Richardson Middle School, Springfield School District, Delaware County, at all material times and dates, and was supervised by Defendant Springfield School District at all times relevant to this Complaint.

10. Plaintiffs sue each and all Defendants in both their individual and official capacities.

11.  At all times material to this Complaint, the aforementioned Defendants acted under color of the statutes, customs, ordinances and usage of the Commonwealth of Pennsylvania, County of Delaware and the Township of Springfield.

## COUNT I – HANAN MUADDI vs. ALL DEFENDANTS

12.  Plaintiffs incorporate the allegations contained in paragraphs 1 through 11 as though fully set forth at length herein.

13.  On or about November 27, 2017, Plaintiff Hanan Muaddi was an eleven (11) year old sixth grade student at the E.T. Richardson Middle School located at 20 West Woodland Avenue in Springfield Township, Delaware County, Pennsylvania.

14.  Until that time, Plaintiff Hanan Muaddi had consistently been a model honor role student who engaged in extra-curricular activities and was a highly respected member of the school community.  She had never been disciplined for her behavior at any time prior to the above date.

15.  On November 27, 2017, while sitting in class, a classmate of Hanan approached her with a note she had written earlier in the beginning of the school year which contained the names of six fellow students.  Hanan knew that this girl had had a verbal altercation with another girl named Ashley Choe and added her name as a reminder for this girl to resolve the feud with Ashley.

16.  Hanan proceeded to simply add one name to the list, indicated as #7 on the list, as a "subtle reminder" for this girl to "make things right" with Ashley Choe.

17.  At the time of Plaintiff's affixing one more name to the list, the list contained *only* the numbers and names next to the numbers and did *not* contain any "title" at the top of the list.

18.  During the last period of the day, a student found the aforementioned note and handed it to the classroom teacher, who proceeded to tender it to the school principal

19.  At around approximately 7:33 P.M. that same day, on November 27, 2017, Defendant Daniel Tracy, the principal of the middle school, forwarded an e-mail to various parents of the school containing the following message:

> *"Late this afternoon, the school administration at E.T. Richardson Middle School became aware of an anonymous note of a threatening nature left in a 6th grade classroom.  The note threatened to harm specific 6th grade students.  No other details were stated in the note.  The families of the students named in the note have all been contacted by the school administration.  As part of our safety protocol, we are working collaboratively with local law enforcement, and, school will go on as scheduled tomorrow, November 28, 2017.  Thank you for your continued support.*
>
> *ETR Administration"*

20.  At some point the next day, November 28, 2017, Plaintiff Hanan Muaddi, who had never been the subject of *any* disciplinary proceeding at the school, was abruptly "called to the principal's office."

21.  She was confronted by the school principal, Defendant Daniel Tracy, as well as at least three (3) other adult individuals whom she had never seen before and whose identities were unknown to her. ***Without a parent or guardian being present or called***, these adults began to yell and shout at Plaintiff Hanan Muaddi, accusing her of orchestrating the subject note, which by that time had the words "to kill list" scrawled on the top above the names.  This eleven (11) year old Plaintiff felt completely powerless and fearful by this unexpected display of authoritarian hostility leveled against her.  She

proceeded to cry and, under complete duress, was forced to write a "confession *admitting*" that she had authored the note – despite the fact that the only item written by the Plaintiff was the seventh name and this was added *prior* to someone adding "to kill list" at the top of the note.  Further, at the time she signed a "confession,"

22.  At no time during this interrogation was Plaintiff Hanan Muaddi permitted to see the note that she had supposedly had authored nor was she permitted to defend herself in any manner whatsoever.

23.  *It was only "after the fact" – and subsequent to the coerced confession of an eleven (11) year old child, that the child's parents were notified*.  The father was too far from the school to come in.  As a result, Nadia Sabbah, Hanan's mother, came to school immediately despite the fact that she had just undergone surgery and was in severe pain.

24.  Upon her arrival in the school, Plaintiff Nadia Sabbah, Hanan's mother, was subjected to substantial hostility and aggression, without sympathy for her serious medical condition, and was informed that her daughter "*was being suspended for ten (10) days with a possible permanent expulsion to follow*."  She was further told that "*her daughter represented "a threat to the school" and that she "may be suffering from certain mental and psychological instabilities and that she should be seeking mental and psychological health help for such instabilities.*"

25.  In addition, Plaintiff Nadia Sabbah, Plaintiff Hanan's mother, was told that the school would issue a report against her (*daughter*) to ensure that "*she will not be accepted in any school in the United States – private or public.*"

26.  When led to another room nearby, Nadia observed her daughter Hanan sitting alone in a chair in a fearful state, crying and sobbing, unable to utter even a single coherent word or move at all.

27.  Mother and daughter left the school in a total state of shock and psychological trauma.

28.  In the meantime, Defendant Dan Tracy sent out another e-mail to school parents exclaiming that "*he was happy to share that we have identified the student responsible. Please know that the student has acknowledged the role in the creation o the note and expressed remorse. ... Likewise, I wish to thank our staff, students, families and the local police for their assistance and their confidence in our practice.  ... Have a great rest of the day.   Dan Tracy*"

29.  By the end of that day, November 28, 2017, virtually every student in the school was "aware" of the "fact" that the note had "originated" from Plaintiff Hanan Muaddi. As a result, she was shunned and abused by the entire student population from that moment onward.

30.  Further, the student who has *actually* authored the note was *never* confronted.  She was white but Plaintiff Hanan Muaddi's mother practices Islam and is originally from Morocco and her father is a Christian and originally from Palestine.  As such, young Hanan was discriminated against solely because she was of Arabic background.

31.  Further, the Springfield Township Police Department, based upon the groundless allegations of the Springfield School District and the illegal and forced confession of an eleven (11) year old girl, instituted criminal juvenile charges against Hanan.  She was charged with Terroristic Threats and Harrassment.

32. Despite the fact that, within 48 hours,  a handwriting expert provided an expert handwriting analysis of the subject note and determined that the *only* item on the note which was actually written by Plaintiff Hanan Muaddi was the #7 and seventh name," the School District continued on their disciplinary trek and wholly disregarded this compelling evidence.  Also, the police continued with the prosecution until, some nine (9) months later, Hanan was "dragged" through a criminal trial.  The charges were dismissed by the trial judge due to the grotesque illegality of the "confession" and the total abstinence of due procedure and due process.

33.  Further, the Defendant School District astonishingly handed Plaintiff Hanan Muaddi an "Abbreviated Multidemsional Acculturation Scale (AMAS-ZABB)" which purports to measure the "degree of patriotism" of an individual.  This completely illegal and reprehensible questionnaire which was handed to Plaintiff Hanan, asks such questions as:

   (a)  *"I think of my self as being (a member of my culture of origin)*

        *["Strongly Agree or "Disagree Somewhat."]*

   (b)  *"Being (a member of my culture of origin" plays an important part in my life.*

        *["Strongly Agree or "Disagree Somewhat."]*

   (c)  *"I think of myself as being US American."*

        *["Strongly Agree or "Disagree Somewhat."]*

   (d)  *"I feel good about being US American."*

        *["Strongly Agree or "Disagree Somewhat."]*

Painfully, the questionnaire continued in this vain. The presenting of this questionnaire to an eleven year old American-born student (*or foreign born for that matter*) was unbelievably racist, xenophobic and discriminatory.

34. As a direct result of the actions of the Defendants, Plaintiff Hanan Muaddi suffered terribly as follows:

(a) The incident was quickly reported to the police, the local newspapers and the school community, thereby ensuring that maximum possible damage was perpetrated upon the Plaintiffs;

(b) Since the incident, young Hanan was bullied by her classmates and experienced the utmost hostility at the hands of formerly warm classmates;

(c) Hanan had been very popular prior to the incident but after the debacle lost virtually all of her friends;

(d) Hanan stopped leaving class for recess due to the bullying, fear and embarrassment;

(e) Hanan's grades suffered in the second trimester as a direct result of these events, but even after recovering and doing well in the third trimester, she was excluded from receiving any academic awards despite her academic excellence.;

(f) Hanan could no longer ride on school buses due to the bullying and extremely negative treatment she received at the hands of her fellow students and her mother had to transport her to and from school;

(g) Ultimately, Hanan was forced to leave the public school system transfer to a private school, costing the family a large amount of money;

(h) Since the aforementioned incident, Hanan has been substantially more repressed than she was prior to the incident.

35. Plaintiff Hanan Muaddi was charged with criminal offenses and publicly embarrassed due to the obvious and blatant discrimination based solely upon her being of Arabic origin.

36.  These charges and reports were concocted by over-zealous school authorities who had absolutely no right to coerce a statement from an eleven (11) year old girl who was unaccompanied by her parents.

37.  At no time were Miranda rights or *any* other rights explained to Plaintiff Hanan Muaddi. *She was afforded absolutely no rights whatsoever.*

38.  Plaintiff Hanan Muaddi was clearly innocent of all charges and the actual culprit was never disciplined at all because she was not a minority.

39.  Plaintiffs were forced to expend monies to hire private counsel and a handwriting expert, and further, were forced by these circumstances, to attend criminal hearings.

40.  Throughout this illegal and unconscionable process, the Plaintiffs were deprived of their constitutional rights.

41.  Plaintiff Hanan Muaddi's ordeal was exacerbated by the fact that her entire family also suffered as delineated in subsequent counts.

42.  As a result of the wrongful false charges and coerced "confession" by Defendants, Plaintiff Hanan Muaddi suffered severe psychological and physical trauma.  Her self-image and self-respect were injured.  In addition to this, the Plaintiff has sustained mixed permanent physical and emotional injuries.  As a result of said injuries, Plaintiff has been unable to eat or sleep properly and has developed an extreme paranoia when confronted by the image or person of a police officer.

43.  As a result of their concerted unlawful, malicious and grossly reckless charges against Plaintiff Hanan Muaddi, Defendants deprived this Plaintiff of her liberty without due process of law, deprived her of her right to counsel, deprived her of equal protection of the law, subjected her to an unlawful seizure of her person and cruelty in violation of

the 4th, 5th, 8th and 14th Amendments of the Constitution of the United States and 42 U.S.C. 1983.

**WHEREFORE**, Plaintiff Hanan Muaddi  demands Judgment against the Defendants, jointly and severally, or in the alternative, for compensatory damages, and further demands Judgment against each of the said Defendants, jointly and severally for punitive damages, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

### COUNT II – BEESAN MUADDI vs. ALL DEFENDANTS

1. Plaintiff Beesan Muaddi incorporates the allegations contained in Count I as though fully set forth at length herein.

2. Plaintiff Beesan Muaddi, a resident of the County of Delaware, the Commonwealth of  Pennsylvania and a citizen of the United States, is the sister of Plaintiff Hanan Muaddi.

3. At the time of the incident which forms the basis of this litigation, Plaintiff Beesan Muaddi was nine (9) years old.

4. As a direct result of the terrible negative impact the aforementioned events had upon the entire family of Plaintiff, students at Beesan's school no longer would engage in playing with her and repeatedly stated to her that "*you're not my friend anymore.*"

5. Beesan became very repressed and quiet as a sole result of the horrendous community attitudes leveled against her and the rest of the family after her sister's debacle.

6. Beesan had enjoyed going to school prior to the incident in question, but afterwards was miserable in school and happy to leave and go home.

7. As a result of their concerted unlawful, malicious and grossly reckless charges and treatment of her sister and the whole family, Defendants deprived this Plaintiff of her liberty without due process of law, deprived her of equal protection of the law, subjected her to cruelty in violation of the 8th and 14th Amendments of the Constitution of the United States and 42 U.S.C. 1983.

**WHEREFORE**, Plaintiff Beesan Muaddi demands Judgment against the Defendants, jointly and severally, or in the alternative, for compensatory damages, and further demands Judgment against each of the said Defendants, jointly and severally for punitive damages, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

## COUNT III – EMAN MUADDI vs. ALL DEFENDANTS

1. Plaintif Eman Muaddi incorporates the allegations contained in Courts One and Two as though fully set for the at length herein.

2. Plaintiff Eman Muaddi, a resident of the County of Delaware, the Commonwealth of Pennsylvania and a citizen of the United States, is the sister of Plaintiff Hanan Muaddi.

3. At the time of the incident which forms the basis of this litigation, Plaintiff Eman Muaddi was seven (7) years old.

4.  As a direct result of the terrible negative impact the aforementioned events had upon the entire family of Plaintiff, Eman, who had loved school before the subject incident, lost interest in attending school.

5.  Eman became very repressed and quiet as a sole result of the horrendous community attitudes leveled against her and the rest of the family after her sister's debacle and repeatedly stated to her parents that "*if the police come they'll arrest me because I have the same last name as Hanan.*"

6.  Eman Muaddi began to "wet her pants" when a police officer would come into the school.

7.  Ultimately, Eman was transferred to a private school to avoid the community negativity.

8.  As a result of their concerted unlawful, malicious and grossly reckless false charges and treatment of her sister and the whole family, Defendants deprived this Plaintiff of her liberty without due process of law, deprived her of equal protection of the law, subjected her to cruelty in violation of the 8th and 14th Amendments of the Constitution of the United States and 42 U.S.C. 1983.

**WHEREFORE**, Plaintiff Eman Muaddi demands Judgment against the Defendants, jointly and severally, or in the alternative, for compensatory damages, and further demands Judgment against each of the said Defendants, jointly and severally for punitive damages, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

## COUNT IV – NADIA SABBAH vs. ALL DEFENDANTS

1. Plaintiffs incorporate the allegations contained in Counts One, Two and Three as though fully set forth at length herein.

2. Prior to the incident on November 27-28, 2017, Plaintiffs Nadia Sabbah and minor children had enjoyed their lives and status as residents of Springfield Township.

3. As a direct result of the horrendous wrongful allegations against her daughter, Hanan, she has suffered the following:

(a) Plaintiff Nadia Sabbah was forced to borrow money so that she could pay for the substantial legal fees and expert witness fees;

(b) People in the community who had been friendly to her shunned her after the incident in question;

(c) Nadia Sabbah had to watch all three of her girls suffer wherein other children who had been friends were kept away from us by their parents;

(d) People stared at all members of her family during the summer break, and she had to watch my children afraid to go outside;

(e) Nadia Sabbah, had to expend huge sums of money to transfer out children out of the public school system and into private schools;

(f) Nadia Sabbah had to place her home for sale.  It is a home which the family had invested countless hours rehabbing and improving.

(g) As a result of the actions of the Defendants, the entire family was forced to flee Springfield Township.

(j) As a result of the actions of the Defendants, Plaintiffs have all been indelibly left with a "mark" upon them and have had to watch as their reputation for good character was obliterated for nothing.

4. As a result of the concerted unlawful, intentionally discriminatory and malicious utterances by the Defendants, Defendants deprived the Plaintiffs of their liberty without due process of law and deprived them of equal protection of laws in violation of the 5th and 14th Amendments of the Constitution of the United States and 42 U.S.C., Section 1983.

WHEREFORE, the Plaintiffs demand Judgment against the various Defendants, jointly and severally, or in the alternative, for compensatory damages, and further demand Judgment against each of said Defendants, jointly and severally, for punitive damages, together with costs of suit, interest, attorney's fees, and such other further relief as the Court may deem just and equitable.

## COUNT V – ALL PLAINTIFFS vs. SPRINGFIELD SCHOOL DISTRICT

1. Plaintiffs incorporate the allegations contained in Counts One, Two, Three and Four as though fully set forth at length herein.

2. At all times relevant to this Complaint, Defendants were acting under the direction and control of the Defendant Springfield School District.

3. Acting under color of State law and pursuant to official policy and custom, Defendant Springfield School District knowingly, recklessly or with gross negligence failed to instruct, supervise, control of discipline on a continuing basis, Defendants E.T. Richardson Middle School and Daniel Tracy, in their duties to refrain from:

(a)  Unlawfully and maliciously harassing citizens who were acting in accordance with their constitutional and statutory rights, privileges and immunities;

(b)  Unlawfully and maliciously arresting and prosecuting citizens who were acting in accordance with their constitutional and statutory rights, privileges and immunities;

(c)  Unlawfully and maliciously using foul and discriminatory language against citizens who were acting in accordance with their constitutional and statutory rights, privileges and immunities;

(d)  Unlawfully subjecting a minor child to interrogation and coerced "confession" without parental presence in violation of the constitutional rights, privileges and immunities of said minor;

(e)  Unlawfully and maliciously refusing to afford constitutional rights to citizens who acted in accordance with their constitutional and statutory rights, privileges and immunities;

(f)  Unlawfully, maliciously and/or negligently charging citizens when said citizens were acting in accordance with their constitutional and statutory rights, privileges and immunities;

(g)  Unlawfully, maliciously and negligently pursuing criminal charges against citizens, with the full knowledge of their innocence of the concocted charges against them, when said citizens were acting in accordance with their constitutional and statutory rights, privileges and immunities;

(h)  Conspiring to violate the rights, privileges and immunities guaranteed to the Plaintiffs by the Constitution and laws of the United States and the laws of the Commonwealth of Pennsylvania; and

(i)  Otherwise depriving the Plaintiffs of their constitutional and statutory rights, privileges and immunities.

4.  Defendant, Springfield School District, had it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis, should have knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.

5.  Defendant Springfield School District had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence failed or refused to do so.

6.  Defendant Springfield School District, directly or indirectly, under color of State law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants E. T. Richardson Middle School and Daniel Tracy, heretofore described.

7.  As a direct and proximate result of the negligent and intentional acts of Defendant Springfield School District, as set forth above, Plaintiffs suffered physical and psychological injuries, loss of income and/or schooling, medical expenses and severe mental anguish in connection with the deprivation of their Constitutional and Statutory Rights guaranteed by the 5th, 8th and 14th Amendments of the Constitution of the United States and protected by 42 U.S.C., Section 1983.

**WHEREFORE**, the Plaintiffs demand judgment against all the Defendants, jointly and severally, or in the alternative, for compensatory damages, and further demand

Judgment against each of the said Defendants, jointly and severally, for punitive

damages, together with costs of suit, interest, attorney's fees, and such other further relief

as the Court may deem just and equitable.

## JURY DEMAND

Plaintiffs respectfully demand trial by jury as to all issues so triable.

**GLEN R. MORRIS, ESQUIRE**
Suite 650, Land Title Building
100 South Broad Street
Philadelphia, Pennsylvania 19110
(215) 893-1222

DATED: ___11/25/19___        Attorney for Plaintiffs

## VERIFICATION

I verify that the statements made in the foregoing writing and any attachments thereto are true and correct to the best of my information and belief. I understand that false statements therein are made subject to the penalties of 18 Pa.C.S., Section 4904, relating to unsworn falsification to authorities.

**NADIA SABBAH,**
on her own behalf and on behalf
of her minor children, Hanan
Muaddi, Beesan Muaddi
and Eman Muaddi

Date: 11 7 19